### ASBESTOS PRODUCTS CO. v. LITTLE.

(Supreme Court, Appellate Term. February 18, 1910.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—UNDISPUTED FACTS.

Where the case was dismissed at the close of plaintiff's evidence, plaintiff is entitled to the most favorable inferences which can be drawn from the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

2. JUDGMENT (§ 570*)—MERGER AND BAR—DISMISSAL WITHOUT PREJUDICE.

The dismissal of an action "without prejudice" does not bar a subsequent action on the same cause.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1045; Dec. Dig. § 570.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Asbestos Products Company against Arthur W. Little. From a judgment dismissing the complaint at the close of plaintiff's evidence, plaintiff appeals. Reversed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Richard Krause, for appellant.

H. W. Bridges, for respondent.

SEABURY, J. The plaintiff sues to recover for labor performed and materials furnished under a contract by the terms of which it was required to furnish certain flooring in the defendant's house. The contract required that payment should be made upon the certificate of the architect approving the work.

As the case was dismissed at the close of the plaintiff's case, the plaintiff is entitled to the most favorable inferences which can be drawn from the evidence. While the evidence, which the plaintiff

---

offered, cannot be said to be very satisfactory, it was, we think, in the absence of any evidence to the contrary, sufficient to establish a prima facie case.

It is urged that the judgment which was offered in evidence was res adjudicata. This judgment was for the same cause of action, between the same parties, as the present action, and dismissed the complaint. As that dismissal was not upon the merits, but was specifically stated to be "without prejudice," it follows that it was not a bar to the present action.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.